E. M. WARD, Appellant, et al., Appellee, v. THOMAS CHEW, Appellee.

APPEAL AND ERROR: Trial Theory on Appeal. Plaintiff's own
1 pleaded theory of his cause, acquiesced in by his coplaintiff, must necessarily be controlling on appeal.

PARTNERSHIP: Accounting—Erroneous Decree. On accounting
2 and division of partnership assets, it is manifest error to decree the division of the property in kind in certain fractional parts to each partner, and to require a partner who is a creditor of the firm to accept a naked lien on each allotted share for a fractional part of his claim, without any personal judgment for such claim, and without any remedy to enforce his claim.

*Appeal from Woodbury District Court.*—JOHN W. ANDERSON, Judge.

JULY 6, 1920.

SUIT in equity for an accounting, and for a division of assets in which the three parties to the suit were jointly interested. The contending parties are the plaintiff Ward and the defendant, Chew. Harris joined as coplaintiff with Ward. The defendant, Chew, filed a cross-bill, asking for partition in kind of the assets, which consisted of real estate. The decree granted the relief prayed in the cross-petition. The plaintiff Ward has appealed. The decree awarded to Harris the same relief as was awarded to Chew. Harris had not prayed the relief thus awarded. He has not

appealed, nor has he resisted the appeal of the plaintiff.— *Affirmed on condition; otherwise, reversed.*

*Edwin J. Stason,* for appellant.

*Henderson, Fribourg & Hatfield,* for appellee.

EVANS, J.—Ward, having acquired the title to a certain 20-acre tract of land, entered into the following written agreement with Harris and Chew:

"This agreement, made and entered into this 17th day of March, 1917, by and between E. M. Ward, hereinafter called party of the first part, and Thos. Chew and Henry Harris, hereinafter called parties of the second part, witnesseth:

"That the second parties are to have a working interest in the S ½ of NE ¼ of NE ¼ Section 25, Township 89 N., Range 48 W. 5th P. M. and that they are to receive one half of all profits from the sale of the above-described land over and above the cost price of the same. The carrying charges are to be settled jointly at least once a year."

The tract had been acquired by Ward only a brief time before the date of the foregoing contract, and had been acquired for the purpose of entering into the contract herein set forth. Ward, however, paid the full purchase price therefor, and held the title in his own name. The mutual purpose of the parties in entering into above contract was to improve said tract, and to plat it into small tracts, and to offer the same for sale for residence purposes. Pursuant to this plan, the parties co-operated for a year or more. Some grading was done, and the tract was platted so as to comprise 100 lots, none of which had been sold, up to the time of the litigation.

Friction and disagreement arose, as between Chew and his copartners, to such an extent that they were not on speaking terms. According to the testimony of Ward and Harris, this friction resulted from the bellicose attitude of

Chew, who took the liberty of shaking his "fist in the face" of each copartner. This was only faintly denied by Chew, and is qualifiedly admitted. This friction rendered further co-operation in their enterprise impracticable.

Under the decree of the district court, the parties were treated as members of a partnership, the assets of which partnership consisted of the real estate in question. This theory is strongly combated by the appellant. It is urged by him that the agreement did not amount to a partnership agreement at all; and that, even if a partnership for any purpose might be inferred from the agreement and from the oral understanding and the conduct of the parties, it was not a partnership in the ownership of the real estate, but a partnership only for the purpose of making and dividing profits from the sale of such real estate. As an abstract legal question, we should be disposed to sustain this contention. Inasmuch, however, as plaintiff, in his original petition, treated the real estate as assets, both Ward and Harris joining therein, and inasmuch as the only relief asked in the substituted petition, and now claimed by Ward, is precisely such relief as could be demanded by him on the theory of partnership and partnership assets, we shall adopt the theory of the trial court in that regard, for the purpose of the opinion.

1. APPEAL AND ERROR: trial theory on appeal.

On the trial, an accounting was had, and the result thereof declared in the decree. There were no creditors, except that, as between themselves, the members of the partnership were creditors thereof, to the extent of their respective contributions. The decree of the trial court found that Harris was entitled to a credit of $267.09; Chew to a credit of $771.35; and Ward to a credit of $8,964. There were no assets, except the real estate. The respective share of each party in the partnership property was one fourth each to Harris and Chew, and one half to Ward. The relief prayed by Ward was that the respective credits due the parties be adjusted, and that the *real estate be sold, and*

2. PARTNERSHIP: accounting: erroneous decree.

*that the first proceeds thereof be applied to the payment of the credit due to himself, and that the remaining proceeds be divided between the parties in the proportion above indicated.*

The relief prayed by Chew was that the property be divided in kind, and that one fourth thereof in value should be set apart to himself, subject only to a lien for his share of the amount due to Ward. It will be seen that the credit due from the partnership to Chew was entirely absorbed by the larger credit due to Ward, and that the net result of an accounting was to leave Ward as sole ultimate creditor of the partnership. Deducting from the amount advanced by Ward the sum of the credits allowed to his copartners, it would leave a net amount due to Ward from the partnership of $7,925.56. Of this sum, his copartners were liable to him for $3,962.78. This latter sum was apportioned in the decree as follows: $1,729.26 due from Chew, and $2,233.52 due from Harris.

The figures and computations thus incorporated in the decree are not complained of on this appeal. The complaint is directed to the form of the relief actually granted.

The decree ordered a partition of the property in kind, and refused to order a sale of any part thereof. It awarded one fourth of the property to Chew, subject to a lien in favor of Ward for $1,729.26, with interest from April 16, 1919. It appointed a commission to make and report an equitable partition. It gave to Chew authority to sell the lots which should be apportioned to him, and authorized him to receive the purchase price therefor. It also ordered that Chew should pay over to Ward the "net proceeds, less commissions and expenses, at once, at the said divers times, * * * until the said indebtedness due him from defendant, Thomas Chew, is fully paid." It further ordered that Ward should, on request of Chew, release of record from his lien any lot for which he had received the full net proceeds of sale.

The following paragraph from the decree is sufficiently illustrative of the general nature of the relief awarded:

"That there is due from the defendant, Thomas Chew, to the plaintiff E. M. Ward, the sum of $1,729.26, with interest thereon at 6 per cent per annum from April 16, 1919, and the proceeds of the sales of any and all lots by the defendant, Thomas Chew, of and from the lots so transferred to and owned by him under the provisions of this decree, at the times the same are paid to and received by the said Thomas Chew, being the net proceeds, less commissions and expenses, shall at once, at the said divers times, be paid to the plaintiff E. M. Ward, until the said indebtedness due him from defendant, Thomas Chew, is fully paid; and the said indebtedness shall be and remain a first and paramount lien in favor of the plaintiff E. M. Ward, and against the lots so conveyed to the said defendant, Thomas Chew, until the said indebtedness is fully paid. And whenever the net proceeds of the sale of any lot is paid in full to the plaintiff E. M. Ward, he shall at once, on request of the said Thomas Chew, release in writing of record in the office of the clerk of the district court of Woodbury County, Iowa, duly executed and acknowledged, the said lot from the lien given by this decree against said lot; and whenever said indebtedness of $1,729.26, with accruing interest, is fully paid, the plaintiff E. M. Ward shall at once, in writing, duly executed and acknowledged, and filed in the office of the clerk of the district court of Woodbury County, Iowa, satisfy and discharge the lien of this judgment and decree, as against the said Thomas Chew, and as against the lots so transferred to him by the plaintiff E. M. Ward."

No personal judgment was allowed to Ward against Chew; nor was Ward awarded any right to execution, special or general; nor was he awarded any other remedy for the enforcement of the collection of the amount due him. No right was reserved to Ward to disapprove a sale for inadequacy of price or for excess of commissions or expenses, nor any right to enforce a sale under any circumstances.

We think the decree was clearly erroneous, in that it ignored the elementary rights of Ward. As between him and his copartners, he was a creditor of the partnership to

the extent of the net amount advanced by him over and above the amounts advanced by his copartners. The first liability of the partnership and its assets was for the payment of such indebtedness. Until such indebtedness was paid, there was nothing to divide, as between the partners. Nor could Ward be required to split his claim against the partnership, or to submit to an apportionment of it as separate claims against the respective moieties of his copart-. ners. Nor could he be required to release his lien upon a part of the partnership property upon a partial payment. He was legally entitled to receive all his claim out of the partnership assets, before there could be any moiety to award to the copartners. If the partnership assets should prove insufficient to pay the claim, he was legally entitled to a personal judgment for contribution against each copartner. The decree entered would be an adjudication which would bar him forever from claiming contribution for a deficiency, and which would bar him also from any further judicial remedy for foreclosing, or for enforcing his lien against the partnership property in the hands of his copartners. The effect of the decree is to permit Chew to operate for an unlimited time upon the capital of Ward, without personal liability even for the interest that accrues thereon. It might be deemed advantageous by Chew to carry this property for 8 or 10 years or more. If he chose to do. so, Ward would have no power, under this decree, to interfere. If such delay were to prove. disastrous or unwise, Chew could abandon the property to its lien, and be himself free from personal liability; or he might hold it for 8 or 10 years longer, to await better times. In so far, therefore, as the decree withheld from Ward the right to enforce payment of the amount due him out of the partnership property, and withheld from him the right of personal judgment against his copartners for contribution in case of deficiency, it was erroneous.

The same kind of relief awarded to Chew was awarded to Harris, likewise. As already indicated, Harris did not ask such relief; nor has he resisted Ward's appeal. It is

possible that a formal reversal of the decree can be avoided by the performance of conditions which would render its error nonprejudicial. If the appellees are ready and able to pay forthwith to Ward the amount due him, as found in the decree, a showing to that effect may be made in this court within 30 days from the filing of this opinion. If satisfactory showing to such effect be made, it would save interference with the partition ordered under the report of the commissioners, and would avoid possible confusion of title, in the event that sales have been made, pending the appeal. The case will be reserved here until further order, in order to give appellees the opportunity here suggested.

If the condition here suggested is met, the case will be affirmed on such condition; otherwise, reversed. In either event, costs in this court will be taxed to appellee Chew.— *Affirmed on condition; otherwise, reversed.*

WEAVER, C. J., PRESTON and SALINGER, JJ., concur.