Anton G. Tacke, Appellee, v. Carl F. Jennewein et al., Appellants; J. A. Tacke, Intervenor.

No. 45038.

June 18, 1940.

Bennett Cullison and George O. Hurley, for appellants.

Lee, Robb & Sifford and R. L. Sifford, for intervenor, appellee.

OLIVER, J.—This suit was originally instituted by plaintiff, Anton G. Tacke, against defendant Carl F. Jennewein and wife. However, it appears Jennewein's wife was made a party defendant only because the action involved real estate, the legal title to which was held jointly by her husband and the plaintiff. Therefore, it is unnecessary to consider her rights apart from those of her husband, and we will, for convenience, hereafter refer to Carl F. Jennewein as though he were the sole defendant.

The petition alleged that a partnership composed of plaintiff and defendant was the owner of a certain city lot in Carroll, Iowa, title to which was in the joint names of the partners, upon which it had erected various improvements and was operating a gasoline bulk station, an automobile service station and a cafe under the trade name of T. & J. Oil Company. The prayer of the petition was for the dissolution of said partnership, an accounting and for the appointment of a receiver for the partnership assets and business. Defendant answered admitting the ownership of an undivided one-half interest in the real estate and business, and alleging that plaintiff was not the true partner in interest, but the true owner was one J. A. Tacke, and that plaintiff's name was used for convenience only and for the benefit of J. A. Tacke. Defendant prayed that J. A. Tacke be substituted as party plaintiff and for an accounting and dissolution of the partnership. Defendant also made application for the sale of the partnership assets by the receiver. At the conclusion of the evidence on behalf of plaintiff, defendant moved the court to dismiss the action on the ground that it appeared that plaintiff was not a partner and had no interest as a partner and that J. A. Tacke, the real partner with defendant, was not a party to the proceeding. The court ruled that J. A. Tacke was a necessary party who should be brought into the action either as plaintiff or defendant. That this might be done recess was taken until later in the same day. A petition of intervention was then filed by J. A. Tacke, alleging he was the real partner with defendant and that the name of his brother, Anton G.

Tacke, as a partner, was used as a matter of record for convenience with the knowledge and consent of plaintiff and defendant. Intervenor· prayed for an accounting and the dissolution of the partnership. At the same time plaintiff amended his petition to comply with the allegations of said petition of intervention.

The trial then proceeded to preliminary decree. The court found intervenor was the real partner and that plaintiff's name had been used in the title to the real estate and in certain other partnership matters for the financial protection of plaintiff who had loaned the intervenor most of the funds used by intervenor in the partnership operations. The court also found that Anton G. Tacke and J. A. Tacke, plaintiff and intervenor, were, for the purpose of the partnership, one and the same partner with a one-half interest therein and that defendant had a one-half interest therein. The decree ordered the dissolution of the partnership and an accounting. For said purpose a referee was appointed. The final decree approved the report of the referee and found that the Tackes had contributed capital of $8,056.69, and defendant capital of $2,991.11. The decree provided that upon disposition of the partnership assets the Tackes should first be repaid the sum of $5,065.58, for the excess of capital contributed by them and that any balance or deficit thereafter remaining should be shared between them and defendant. From said decree defendant has appealed.

I. The first error assigned challenges the ruling of the court on defendant's motion to dismiss which charged the action was not prosecuted in the name of the real party in interest. It does not appear that the court ruled directly upon the motion. However, it ordered that J. A. Tacke be brought into the case. Unquestionably intervenor was the real partner with defendant. The evidence and all the pleadings as finally amended showed this without dispute. Throughout defendant's pleadings he asserted J. A. Tacke was his partner. In his original answer he prayed that J. A. Tacke be substituted as party plaintiff, as the real party in interest, and for

a partnership accounting and dissolution. Manifestly, defendant is in no position to complain of an order of court which resulted in the bringing in of J. A. Tacke as intervenor against defendant. This accomplished the very thing demanded by the answer. Nor does it appear that the order would have constituted an abuse of discretion even in the absence of such demand. Section 10981, Code of Iowa, 1939.

II. Defendant predicates error on the finding of the court that he had agreed to contribute to the partnership capital equally with intervenor. There was testimony which amply supported this finding and we do not construe the testimony of defendant as definitely denying it. Moreover, the finding is consonant with reason and human experience. Equal partners usually contribute equally. But aside from these considerations defendant's past actions contradicted his position that he was to be an equal partner without being required to contribute equally. Prior to the trial he filed a claim against the partnership in the receivership proceedings in which he asked allowance for an itemized list of money, materials and services contributed by him. At the same time he filed a pleading in which he stated:

" * * * there was an agreement between said parties that each, the said J. A. Tacke and Carl Jennewein, would contribute an equal amount of labor to the erection of the buildings and the completion thereof for the use entered in that each would contribute an equal amount of money therefor."

We are satisfied with the correctness of the finding of the trial court upon this issue.

III. Finally it is urged the court erred in ordering repayment to the Tackes of the amount by which the capital contributed by them exceeded defendant's contribution. As above noted the parties were equal partners, sharing equally in profits and losses. In an accounting upon dissolution the amount contributed by one partner in excess of the contribution of the other should be treated as a partnership debt to be first repaid. After deducting this the net assets or lia-

bilities should be shared or borne equally by the partners. Ward v. Chew, 189 Iowa 523, 178 N. W. 379. The decree of the trial court correctly adopted this method of computation.

Wherefore, the decree is affirmed.—Affirmed.

All JUSTICES concur.